**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:24-cv-21436-WILLIAMS/GOODMAN**

LESROY ST. BERNARD CHRISTIAN,

                Plaintiff,

v.

CARNIVAL CORPORATION,

                Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS**

In this maritime personal injury action, Defendant Carnival Corporation ("Defendant" or "Carnival") filed a motion to dismiss Plaintiff Lesroy St. Bernard Christian's ("Plaintiff") Second Amended Complaint ("SAC"). [ECF No. 26]. Plaintiff filed a response in opposition, and Defendant filed a reply. [ECF Nos. 31–32]. United States District Judge Kathleen M Williams referred the motion to the Undersigned. [ECF No. 27].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** Defendant's motion to dismiss **without prejudice** and with leave to file a third amended complaint.

I.      **Background**

Plaintiff filed suit against Defendant for damages related to physical injuries he allegedly sustained while aboard the Carnival *Conquest*. [ECF No. 24]. Defendant filed a Motion to Dismiss Plaintiff's SAC because it says the SAC: (1) is a shotgun pleading; (2) holds Defendant to an incorrect duty of care; (3) fails to properly plead actual or constructive notice; and (4) fails to properly plead negligent failure to warn. [ECF No. 26].

Plaintiff's SAC contains two counts: negligence and failure to warn. He alleges that:

> 6.      On or about May 28, 2023, Plaintiff was a customer on the premises of CARNIVAL CORPORATION on the Carnival cruise ship *Conquest*.
>
> ***
>
> 9.      As [ ] Plaintiff patronized CARNIVAL CORPORATION, on the Carnival cruise ship *Conquest*, when Plaintiff approached the ice cream and beverage station on the 9th floor of the ship on the last day of a three (3) day cruise, Plaintiff slipped on a liquid substance on the floor and fell towards the floor.
>
> 10.     Plaintiff's wife, Mrs. Christian, had dined in the subject dining room multiple times for meals and on other days prior to the fall occurring and had witnessed liquid on the ground in the exact area of the fall, in front of the drink and ice cream machine. What Mrs. Christian noticed can be characterized as a propensity for there to be liquid on the ground in front of what was a self-service drink machine.
>
> ***
>
> 12.     Defendant had notice of the dangerous condition posed by the drink machine as it has been sued previously for placement of a drink machine in a buffet for negligent maintenance and failure to warn.

13.     Furthermore, Carnival was aware of the propensity for there to be falls inside dining areas on liquids in general because they [sic] have been sued on numerous occasions by people who claimed to have slipped and fell on liquids in dining areas.

***

15.     Plaintiff knows that the area was unmonitored as no one from the ship came to his assistance in the immediate period following his fall but rather someone came to help him after being put on notice by fellow passengers.

16.     There were no warning signs or cones or other warnings anywhere near the drink station.

17.     Carnival was on notice that the area in front of the drink station posed a hazard to cruisegoers as they [sic] had a specific company policy of using warning signs or cones in the area of the drink station as far back as 2009.

18.     The hazard posed by the drink station and the liquid substance itself, which was clear and obscured on one side by the drink machine, was not open and obvious.

19.     The pooled liquid caused [ ] Plaintiff to fall on the floor, causing serious injury.

20.     At all times relevant hereto, [ ] Defendant owned, operated, occupied, leased, maintained, inspected, cleaned, controlled, supervised, managed, and repaired the 9th floor dining area on which Plaintiff was injured.

21. Specifically, Defendant inspected, cleaned and serviced the ice cream and beverage station multiple times a day while the ship was in operation such that it knew or reasonably should have discovered that liquid was frequently being expressed onto the floor from the subject beverage machine and from cruisegoers utilizing it.

22. [ ] Defendant, and its agents and/or employees, failed to fulfill their joint, several, and collective duty to use reasonable care and to take adequate and reasonable safety precautions or measures to protect customers on the premises from foreseeable harm and danger; including the harm suffered

3

by [ ] Plaintiff.

23.     [ ] Defendant was on notice of the dangers; more specifically, [ ] Defendant knew or should have known that the floor was not properly clear of any substances. However, [ ] Defendant failed to take reasonable measures to prevent foreseeable safety hazards.

24.     Plaintiff was not aware of the above-referenced dangerous condition caused by [ ] Defendant.

25.     There were no warning signs present in the area warning Plaintiff, or other visitors, of this dangerous condition.

26.     As a direct result of the negligence of the [d]efendant named herein, [ ] Plaintiff has sustained significant personal injury.

[ECF No. 24, ¶¶ 6; 9–10; 12–26].

## II.     Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III.    Analysis

"Personal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts." *Caron v. NCL (Bahamas), Ltd*., 910 F.3d 1359, 1365 (11th Cir. 2018) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587–88, 111 S. Ct. 1522, 1524, 113 L. Ed. 2d 622 (1991)). "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd*., 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc*., 867 F.2d 1318, 1320–21 (11th Cir. 1989)).

"In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Van Deventer v. NCL Corp. Ltd*., No. 23-CV-23584, 2024 WL 836796, at *4 (S.D. Fla. Feb. 28, 2024) (quoting *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012)). "To prevail on a negligence claim, a plaintiff must show that[:] '(1) the defendant had a duty to protect the plaintiff from a particular injury[;] (2) the defendant breached that duty[;] (3) the breach actually and proximately caused the plaintiff's injury[;] and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336).

The duty of care owed by an owner of a ship in navigable waters while its passengers are on board the vessel is a duty of exercising reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990). Additionally, under general maritime law, "a cruise line owes its passengers a duty to warn of known dangers

beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336; *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985); *Carmouche v. Carnival Corp.*, 13-62584-CV, 2014 WL 12580521, at *5 (S.D. Fla. May 15, 2014); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016).

<u>*Actual or Constructive Notice*</u>

Defendant argues that Plaintiff failed to sufficiently allege actual notice of the dangerous condition because he "simply does not plead Carnival had actual notice. Plaintiff does not allege a specific length of time the condition existed, nor that a Carnival staff member knew about the dangerous condition." [ECF No. 26, p. 7]. Defendant additionally argues that Plaintiff failed to sufficiently allege constructive notice because he provided only "conclusory allegations that fail to satisfy the pleading standard under *Holland* and *Newbauer*." *Id.*

Defendant cites two cases which are instructive -- and binding -- on this issue: *Holland v. Carnival Corp.* 50 F.4th 1088, 1095 (11th Cir. 2022) and *Newbauer v. Carnival Corp.*, 26 F.4th 931, 932 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212, 214 L. Ed. 2d 83 (2022).

In *Holland*, the Eleventh Circuit reviewed whether the district court erred in dismissing the plaintiff's complaint for failure to state a claim because the plaintiff "failed to plausibly allege that [the defendant] had actual or constructive notice of the alleged hazardous condition." 50 F.4th at 1093. The Court explained that:

[a]ctual notice exists when the defendant knows about the dangerous condition. *See Keefe*, 867 F.2d at 1322; *Guevara*, 920 F.3d at 720. Constructive notice exists where "the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures." *Keefe*, 867 F.2d at 1322. A plaintiff can establish constructive notice by alleging "that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara*, 920 F.3d at 720 (alteration in original) (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id.* (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)).

*Id.* at 1095. The *Holland* plaintiff "alleged that a hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies." *Id.* at 1095–96.

As stated in *Holland*, actual notice exists when the defendant knows about the dangerous condition. But if the allegations of actual notice "are indeed more conclusory than factual, then the court does not have to assume their truth." *Newbauer*, 26 F.4th at 934 (quoting *Chaparro*, 693 F.3d at 1337). Here, Plaintiff alleges that his wife "noticed water in the same spot on previous days and [ ] Defendant regularly observed such when they [sic] cleaned the floor each day." [ECF No. 31, p. 3]. However, without any factual support such as when or how often either Plaintiff's wife saw the water or Defendant cleaned the floors, these allegations are merely conclusory and fail to provide actual notice.

Defendant additionally argues that Plaintiff failed to sufficiently allege

constructive notice because Plaintiff provided only "conclusory allegations that fail to satisfy the pleading standard under *Holland* and *Newbauer*." [ECF No. 26, p. 7]. The Undersigned agrees.

The *Holland* Court found that for a claim to have facial plausibility related to constructive notice, it must allege that "either (1) the hazardous substance existed on the staircase for a sufficient length of time, *see Keefe*, 867 F.2d at 1322, or (2) substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accident,' *Guevara*, 920 F.3d at 720 (quoting *Jones*, 861 F.2d at 661–62)." 50 F. 4th at 1096.

The majority of Plaintiff's allegations relate to the second option -- that "substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accident." *Id*. Plaintiff contends that he properly alleged notice because Defendant "has previously been sued for the dangers a drink machine can pose." [ECF No. 31, p. 2]. He highlights the decision in *Santana v. Carnival Corp.*, No. 09-CV-23113, 2011 WL 13220269 (S.D. Fla. Feb. 17, 2011), arguing that "Defendant reasonably should have been aware of what matter [ ] Plaintiff referenced in [his] Complaint" because the **same** counsel who appeared for Defendant in this case, represented (the same) Defendant in *Santana*. *Id*.[1]

---

[1]     In *Santana*, the plaintiff slipped and fell on a puddle of coffee located about one foot away from the defendant's coffee machine. The defendant moved for summary judgment arguing that the plaintiff's complaint failed to sufficiently allege notice of the

For Plaintiff to adequately plead notice under the second option, his SAC must include enough allegations "to plausibly plead that Defendant had notice of the dangerous condition." *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1111 (S.D. Fla. 2023). In *Fawcett*, the district court found that the plaintiff adequately alleged the existence of prior similar incidents because his complaint:

> identifie[d] numerous slip-and-fall events, including "fall incidents on wet flooring in the Lido Marketplace dining area on the Lido Deck" of the *Breeze* — a vessel of the same class as the *Magic* — and slip and fall incidents specifically on "wet or slippery areas of the Lido Deck" of the *Magic*. (*Id*. ¶¶ 18–19, 26–27). [The] [p]laintiff also lists specific dates and cites cases associated with these incidents. (*See id*. ¶¶ 19, 27). These factual allegations push [the] [p]laintiff's claims beyond mere conclusory recitals. *See Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263–65 (S.D. Fla. 2022) (finding the plaintiff adequately pleaded notice where he alleged 15 prior substantially similar incidents).

*Id*.

Here, Plaintiff's SAC does not properly allege notice with enough specificity because there is *no* specificity. He merely states that Defendant has been sued in the past but fails to identify any such suit or discuss ***how*** those previous suits (such as *Santana*)[2]

---

dangerous condition. 2011 WL 13220269, at *2. The plaintiff asserted that the defendant had "actual notice of the dangerous condition because it had put in place a specific company policy of using warning signs or cones in the area of the dangerous condition at all times." *Id*. at *3. The *Santana* Court denied the defendant's summary judgment motion because of the parties' genuine issues of material fact. *Id*. at *5.

[2]   Plaintiff's reliance on *Santana* is misplaced because the *Santana* Court addressed a motion for summary judgment and relied on the parties' development of the factual record. Whereas here, the Court is addressing a dismissal motion without the benefit of a developed factual record. *See Fawcett*, 682 F. Supp. 3d at 1111 ("But the cases the parties

included similar incidents. Notably absent is the specific policy that he relies on. Apparently, he expects the Court to assume that Carnival's policy is the *same* policy as the one mentioned in *Santana*.

Plaintiff relies on that policy in alleging that Defendant "previously had a policy of warning its customers" of the hazards associated with the drink machine that caused his injury. [ECF No. 31, p. 2]. He argues that he "does not need[3] to cite the policy by whatever title or number Carnival had assigned to it in order to adequately allege that it existed[;]" and that the *Santana* opinion referenced the same policy. *Id.* at 2–3. The Undersigned disagrees because Plaintiff's argument is contrary to the previously-mentioned **binding** law.

Additionally, the SAC alleges that Defendant was on notice of the dangerous condition because "they [sic] **had** a specific company policy of using warning signs or cones in the area of the drink station **as far back as 2009**." [ECF No. 24, ¶ 17 (emphasis added)]. Plaintiff's vague language concerning the policy makes it impossible for the

_____

discuss are mostly inapplicable here because they were decided either at summary judgment or on a directed verdict — after the factual record had been developed."). Additionally, Plaintiff mentioned *Santana* only in his response to Defendant's Motion and not in his SAC.

[3]     The Undersigned notes that Plaintiff failed to cite any authority (binding or persuasive) supporting this argument. *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." (internal quotations and citation omitted)).

Undersigned to determine whether the policy was even in effect (and applicable to the *Conquest*) at the time of Plaintiff's fall.

Without more, Plaintiff's allegations are merely conclusory. He continually makes "inferential leap[s]" that are "too great" for this Court to follow. *Holland*, 50 F.4th at 1096 (holding that "the inferential leap from Holland's premise -- that the staircase is highly visible and well-trodden -- to his conclusion -- that the hazard existed for a sufficient length of time – [was] too great."). For example, Plaintiff wants the Court to accept as true his allegation that because Defendant had a policy **fifteen** years ago, that the same policy was **still** in effect at the time of his accident -- without including any information as to when the policy went into effect, whether it was still in effect, whether it was ever amended, and what it mandated. These sorts of barebones and conclusory allegations are roundly condemned in the Eleventh Circuit. *Foley v. Carnival Corp.*, No. 23-cv-23025, 2024 WL 361189, at *5 (S.D. Fla. Jan. 31, 2024) ("[The] [p]laintiff's statements that [a] defendant had notice of the dangerous condition because of the 'length of time' it existed and because of the 'high traffic nature of the Lido Deck,' with nothing more, are insufficient to allege notice." (quoting *Fawcett.*, 682 F. Supp. 3d at 1110)).

Therefore, the Undersigned **respectfully recommends** that Judge Williams **grant** Defendant's Motion and give Plaintiff **leave to amend** his complaint because the SAC fails to adequately and plausibly allege actual or constructive notice.

*Duty of Care*

Defendant highlights Plaintiff's allegations that it "owed Plaintiff a duty to keep the premises in a reasonably safe condition[,]" and that "Defendant owed Plaintiff a duty to, when and where not reasonably safe, [ ] warn of dangers." [ECF No. 26, pp. 10–11 (quoting ECF No. 24, ¶¶ 7, 8)]. Carnival argues that neither of these duties are proper under general maritime law because the Eleventh Circuit limits a shipowner's duty of care:

> [W]e hold that the benchmark against which a shipowner's behavior must be measured is **ordinary reasonable care under the circumstances**, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.

*Keefe*, 867 F.2d at 1322 (emphasis added).

Plaintiff disagrees and cites a variety of cases which include claims for failure to warn and failure to maintain. [ECF No. 31, p. 4]. He argues that these types of claims are recognized in maritime law. The Undersigned agrees that claims alleging a failure to warn or maintain the premises arise and are recognized in maritime law. However, Defendant did *not* argue that those claims are not recognized in maritime law; it argued that the two allegations highlighted in the beginning of this section improperly assigned a higher standard of care.

As stated in *Keefe*, Defendant's duty of care is defined as "ordinary reasonable care under the circumstances." 867 F.2d at 1322. Plaintiff's allegations that Defendant owed

12

him a duty to either "keep the premises in a reasonably safe condition" or "when and where not reasonably safe, to warn of dangers" do not squarely align with the language in *Keefe*. His allegation that Defendant owed him "a duty to keep the premises in a reasonably safe condition" is problematic because, as Defendant states, it is a duty that is based in Florida law, not **maritime** law. *See Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1325 (S.D. Fla. 2015). Plaintiff's claims "must be based on maritime law; and to the extent that Plaintiff seeks to assert a negligence claim against [Defendant] based on premises liability or any other theory of negligence under Florida law, this claim must be dismissed." *Id.* at 1319 (citing *Stewart–Patterson v. Celebrity Cruises, Inc.*, No. 12–20902–CIV, 2012 WL 2979032, at *2 (S.D. Fla. July 20, 2012) (holding that a claim based on a cruise line's "negligent mode of operation" under Florida law is "not cognizable under federal admiralty law")).

Therefore, if Judge Williams adopts this Report and Recommendations and Plaintiff chooses to amend his complaint, then he should remove and revise the problematic duty language.

### *Failure to Warn*

Although the question of whether a danger is open and obvious is an issue of fact which is premature for a ruling at the motion to dismiss stage, a plaintiff is still "required to allege that the danger was not open and obvious" to state a negligent-failure-to-warn claim. *Green*, 614 F. Supp. 3d at 1264 (citing *Spall v. NCL (Bahamas) Ltd.*, 275 F. Supp. 3d

13

1345, 1349 (S.D. Fla. 2016); *see Fawcett*, 682 F. Supp. 3d at 1106 (same).

Therefore, a motion to dismiss is properly granted where the plaintiff fails "to allege that any danger was not open and obvious to [the] [p]laintiff." *Spall*, 275 F. Supp. 3d at 1349 (quoting *Lapidus v. NCL Am. LLC*, 924 F. Supp. 2d 1352, 1356 (S.D. Fla. 2013)). *See also Navarro*, 2020 WL 1307185, *2 (holding that a plaintiff must sufficiently "allege that the risk creating condition was not open and obvious").

In *Green*, the court found that the plaintiff sufficiently alleged a claim for negligent failure to warn and explained that:

> Upon review of the [second amended complaint], it is apparent that [p]laintiff does allege that the danger was not open and obvious. The [second amended complaint] states [ ] as follows:
>
>> 12. Suddenly and without warning, while walking in the buffet area, Plaintiff slipped and fell due to grease, oil, food residue, and/or slippery foreign transitory substance.
>>
>> 13. This dangerous condition was not open and obvious and the Plaintiff who had no way of knowing the existence of this condition. There was nothing he could have done to prevent this incident.
>
> ECF No. [21] ¶¶ 12-13. By its plain terms, paragraph 13 alleges that the "dangerous condition was not open and obvious." *Id*. ¶ 13. While the paragraph is conclusory, it is supported by the factual allegation in paragraph 12 that "[p]laintiff slipped and fell due to grease, oil, food residue, and/or slippery foreign transitory substance." *Id*. ¶ 12. The Court can reasonably infer in favor of [p]laintiff, as the Court must at this stage of the proceedings, that the danger was not open and obvious given the inconspicuous nature of grease and oil.

614 F. Supp. 3d at 1265.

Here, the SAC alleges that:

10.     Plaintiff's wife, Mrs. Christian, had dined in the subject dining room multiple times for meals and on other days prior to the fall occurring and had witnessed liquid on the ground in the exact area of the fall, in front of the drink and ice cream machine. What Mrs. Christian noticed can be characterized as a propensity for there to be liquid on the ground in front of what was a self-service drink machine.

*** 

18.     The hazard posed by the drink station and the liquid substance itself, which was clear and obscured on one side by the drink machine, was not open and obvious.

19.     The pooled liquid caused [ ] Plaintiff to fall on the floor, causing serious injury.

*** 

24.     Plaintiff was not aware of the above-referenced dangerous condition caused by [ ] Defendant.

[ECF No. 24, ¶¶ 10, 18, 19, 24].

The Undersigned, like the *Green* Court, finds that Plaintiff **has** sufficiently alleged a claim for negligent failure to warn at this motion to dismiss stage because it can be reasonably inferred that the danger was not open and obvious due to it being obscured by the drink machine and clear in form -- and because the SAC expressly alleges that the hazard "was not open and obvious." So the Undersigned **respectfully recommends** that Judge Williams **deny** this portion of the motion.

*Shotgun Pleading*

Finally, Defendant argues that Plaintiff's Complaint is a shotgun pleading because it contains the single count of negligence yet includes multiple theories of negligence. [ECF No. 26, p. 15]. The Undersigned disagrees.

The Eleventh Circuit has stated that the purpose of Federal Rules of Civil Procedure 8 and 10 is to "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Complaints that violate Rule 8 or Rule 10 are termed "shotgun pleadings," and the Eleventh Circuit has consistently condemned such pleadings for more than three decades. *See Davis v. Coca-Cola Bottling Co. v. Consol*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting cases) (abrogated on other grounds).

There are four types of shotgun pleadings:

The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or

16

which of the defendants the claim is brought against.

*Weiland,* 792 F.3d at 1321–23 (footnotes omitted). "The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources." *Finch v. Carnival Corp.,* No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* (quoting *Jackson v. Bank of Am., N.A.,* 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

A district court's inherent authority to control its docket includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland,* 792 F.3d at 1320). The Eleventh Circuit has also noted that district courts should require a plaintiff to replead a shotgun complaint even when the defendant does not seek such relief. *See Hirsch v. Ensurety Ventures, LLC,* No. 19-13527, 2020 WL 1289094 at *3 (11th Cir. Mar. 18, 2020).

Courts in this District have recognized that each alleged breach of the duty of care must be pled separately. It is not sufficient to cast a wide net of purported breaches in an attempt to keep one negligence claim afloat. *See Dunn v. NCL (BAHAMAS) Ltd.,* No. 23-cv-20083, 2023 WL 4186418, at *3 (S.D. Fla. June 26, 2023); *Al-Hindi v. Royal Caribbean*

*Cruises, Ltd.*, No. 22-24032-CIV, [ECF No. 16] (S.D. Fla. March 14, 2023); *see also Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *10 (S.D. Fla. Apr. 23, 2021) (collecting cases).

In response to Defendant's argument, Plaintiff states that his "[n]egligence" count "includes allegations which each find their nexus in the Defendant's failure of maintenance." [ECF No. 31, p. 5]. Plaintiff contends that his SAC "succeeds in fairly and straightforwardly grouping the negligent maintenance of a dangerous condition (*i.e.*, the drink station) and the negligent failure to warn claims into two, distinct causes of action." *Id.* at 6.

In Count I, Plaintiff alleges that Defendant "owed [him] the duty of ordinary and reasonable care to keep the premises in a reasonably safe condition." [ECF No. 24, ¶ 27]. Defendant allegedly breached that duty by:

> a.     Failing to use reasonable care in the inspection and maintenance of the premises and the subject drink station;
>
> b.     Failing to use reasonable care to make the premises safe;
>
> c.     Failing to maintain the floors and the drink station at the subject premises in a reasonably safe condition;
>
> i.[4]     Failing to repair and/or remedy a dangerous condition by placing personnel at the subject drink station to quickly clean up any spills;
>
> j.     Maintaining a dangerous condition by installing and running a drink station in the first place;

---

[4]     Plaintiff's SAC [ECF No. 24] jumps from subparagraph c to subparagraph i without any indication of what occurred to subparagraphs d through h.

18

k.      Failing to maintain policies, protocols, and procedures to prevent and/or remedy the dangerous condition;

l.      Additional acts of negligence not yet discovered.

*Id*. at ¶¶ 32(a)–(l).

Defendant contends that Plaintiff improperly mingles different types of negligence causes of action within this count (*i.e*., failure to maintain policies, maintaining a dangerous condition, and failure to place personnel in that area). However, it fails to explain how those alleged causes of action are **distinct** negligence claims with **distinct** elements. If Plaintiff had (improperly) included a negligent failure to warn claim within the same count as a negligent failure to maintain claim, then that would be a shotgun pleading under *Weiland* because both types of claims involve **distinct** causes of action. But, that is not the case here.

So the Undersigned rejects Carnival's "shotgun pleading" argument and **respectfully recommends** that Judge Williams **deny** that portion of the dismissal motion.

## IV.    Conclusion

For the above-mentioned reasons, the Undersigned **respectfully recommends** that the District Court **grant in part** Defendant's Motion to Dismiss **without prejudice and with leave to amend**.

If Plaintiff files a Third Amended Complaint, then any legal conclusions that form the basis for those claims must be supported by specific, applicable, non-conclusory

19

factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 WL 2049431 at *6 (S.D. Fla. June 5, 2012) ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations" -- and noting that "conclusory allegations grounded in thin air will not do").

The Undersigned recognizes that Carnival may well be in possession of some, or even many, of the specific facts which Plaintiff might want to rely on to allege notice, but at the pleading stage Plaintiff is not required "to know that Carnival had constructive knowledge of the threshold's dangerous condition. [He] only needed to allege plausible facts that Carnival had constructive notice of the dangerous condition. So long as [he] had a good-faith basis, [he] could've made these allegations even though [he] did not have access yet to evidence supporting them." *Patton v. Carnival Corp.*, No. 22-13806, 2024 WL 1886504, at *3 (11th Cir. Apr. 30, 2024) (affirming order dismissing complaint and noting that Fed. R. Civ. P. 11(b)(3) allows "pleaders to make factual allegations that they believe 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery'").

## V.     Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days

of the objection. Failure to timely file objections shall bar the parties from a *de novo*

determination by the District Judge of an issue covered in the Report and shall bar the

parties from attacking on appeal unobjected-to factual and legal conclusions contained in

this Report except upon grounds of plain error if necessary in the interest of justice. *See*

28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

790, 794 (1989); 11th Cir. R. 3-1 (2016).

   **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, August 22,

2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record